UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS JAMES CLAUSO,

               Plaintiff,

      v.

WARDEN WILLIE BONDS, et al.,

               Defendants.

No. 1:18-cv-12217-NLH-LHG

**OPINION**

**APPEARANCES**:

THOMAS JAMES CLAUSO
59252
SOUTH WOODS STATE PRISON
215 SOUTH BURLINGTON ROAD
BRIDGETON, NJ 08302

*Plaintiff appearing pro se.*

NICCOLE L. SANDORA
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW, STATE POLICE, EMPLOYMENT & CORRECTIONS
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625

*Attorney for Defendants Warden Willie Bonds, Guard Martinelli, and Guard Hansen.*

**HILLMAN**, District Judge

      Presently before the Court is *pro se* Plaintiff Thomas James Clauso's Appeal of Magistrate Judge Lois H. Goodman's May 27, 2020 Order denying his prior motion to appoint pro bono counsel and his request that the Court order Defendant Nurse Williams to

accept service.  For the reasons expressed below, the Court will
deny Plaintiff's appeal and affirm the Order.

## Background

Having previously set forth the facts of this case and
Plaintiff's extensive, handwritten Complaint at length in its
Opinion dated July 9, 2019, the Court shall recount only those
facts that bear directly on the instant appeal.  Plaintiff,
Thomas James Clauso, is a convicted state prisoner who is
currently incarcerated at South Woods State Prison.  On August
26, 2018, Plaintiff filed a Complaint, alleging a series of
different claims against the warden of his prison, multiple
guards, and a nurse who once treated him.  (ECF No. 1).

This Court reviewed Plaintiff's Complaint under the Prison
Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat.
1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), which directs
district courts to *sua sponte* dismiss any claim that is
frivolous, is malicious, fails to state a claim upon which
relief may be granted, seeks monetary relief from a defendant
who is immune from such relief, or is on its face unexhausted.
See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e.  After
its review, the Court issued an Opinion and Order dismissing
multiple of Plaintiff's claims, but allowing his claims of
conditions of confinement, targeted harassment, denial of

medical care, excessive force, and legal mail to proceed. (ECF No. 3 at 9-10).

On September 16, 2019, Plaintiff filed a letter with the Court, in which he complained at length about his inability to serve Defendant Nurse Williams, and requested that the Court order her to accept service and appoint pro bono counsel. (ECF No. 14). Interpreting this second request as a motion to appoint pro bono counsel, Magistrate Judge Lois H. Goodman issued an Order on April 27, 2020. (ECF No. 32). That Order denied the motion, finding that Plaintiff had failed to meet his burden to demonstrate why he should be appointed pro bono counsel as a civil litigant. The Order further denied his request to order Nurse Williams to accept service, noting that Plaintiff had attempted to serve her at the prison, not Rutgers University Correctional Health Care, where the U.S. Marshals had advised Plaintiff she appeared to be employed. The Order further directed the U.S. Marshals Service to provide Plaintiff with a new Form USM-285, and directed Plaintiff to complete that form requesting the Marshals serve Nurse Williams at Rutgers University Correctional Health Care.

On May 5, 2020, Plaintiff filed another letter to the Court, asserting his desire to appeal the May 27 Order. In the time since then, Defendants have filed a motion for summary judgment, (ECF No. 47), which will be addressed separately and

in due course.  The Court, having interpreted Plaintiff's letter

as an appeal of the May 27 Order, will assess Plaintiff's appeal

under the relevant standards.

### Discussion

### I.    Standard of Review

When a magistrate judge decides a non-dispositive motion,

the "district court may modify the magistrate's order only if

the district court finds that the magistrate's ruling was

clearly erroneous or contrary to law." Cipollone v. Liggett

Group, Inc., 785 F.2d 1108, 1120 (3d Cir. 1986); see also L.

Civ. R. 72 .1(c)(A)(1) ("A Judge shall consider the appeal ...

and set aside any portion of the Magistrate Judge's order found

to be clearly erroneous or contrary to law.").

A magistrate judge's ruling is clearly erroneous when

"although there may be some evidence to support it, the

reviewing court, after considering the entirety of the evidence,

is 'left with the definite and firm conviction that a mistake

has been committed.'" Kounelis v. Sherrer, 529 F. Supp. 2d 503,

518 (D.N.J. 2008) (quoting Dome Petroleum Ltd. v. Emp'rs Mut.

Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990); United States

v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A ruling is

contrary to law if "the magistrate judge has misinterpreted or

misapplied applicable law." Id.  The mere fact that the

reviewing court "might have decided the matter differently" is

4

insufficient to justify the reversal of the magistrate judge's
decision.  <u>Mendez v. Avis Budget Grp., Inc.</u>, No. 11-6537, 2018
WL 4676039, at *2 (D.N.J. Sept. 28, 2018) (quoting <u>Wortman v.
Beglin</u>, No. 03-495, 2007 WL 2375057, at *2 (D.N.J. Aug. 16,
2007)).

## II.  **Analysis**

The Court finds that the May 27 Order was not clearly
erroneous or contrary to law, and will affirm the Order.  The
Court first notes that Plaintiff has not actually specified
which aspects of the Order he wishes to appeal.  To the extent
that Plaintiff intended to appeal the Court's denial of his
request to order Nurse Williams to accept service, Plaintiff has
put forth no argument or explanation for how that denial was
erroneous or contrary to law, and the Court finds that it was
clearly not.  The Magistrate Judge simply informed Plaintiff
that it was his duty to ensure proper service, and that he
needed to complete a new form to serve Nurse Williams at her
actual place of employment, not the prison at which she had
treated him.

To the extent that Plaintiff intended to appeal the Order's
denial of his motion to appoint pro bono counsel, the Court
again finds that the Order was not clearly erroneous or contrary
to law.  Here, Plaintiff again has failed to put forth almost
any argument whatsoever as to what basis he has for appealing

the Order; instead, the vast majority of his letter is devoted
to insulting this Court and its judges.  The Court, not for the
first time in this action, cautions Plaintiff against the use of
language and insults that are not appropriate for court filings.

       To the extent that Plaintiff intended his reference to
"mental health conditions" and the fact that he has "$145,000"
in debt to serve as a basis for his appeal, the Court finds that
these arguments are insufficient to demonstrate any errors in
the May 27 Order.  Civil litigants do not have a constitutional
right to counsel, and a court assessing whether to appoint pro
bono counsel for a civil litigant such as Plaintiff must apply
the set of factors previously outlined by the Third Circuit.
Houser v. Folino, 927 F.3d 693, 697 (3d Cir. 2019).  Those
factors are:  "(1) the plaintiff's ability to present his or her
own case;(2) the complexity of the legal issues;(3) the degree
to which factual investigation will be necessary and the ability
of the plaintiff to pursue such investigation;(4) the amount a
case is likely to turn on credibility determinations;(5) whether
the case will require the testimony of expert witnesses; [and]
(6) whether the plaintiff can attain and afford counsel on his
own behalf."  Parham v. Johnson, 126 F.3d 454, 457 (3d Cir.
1997) (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d
Cir. 1993)).

Here, the Magistrate Judge appropriately applied these
factors.  Plaintiff's reference to his "mental health
conditions," at best, relates only to the first factor, which
analyzes the plaintiff's ability to present his own case.
However, Plaintiff failed to put forth this argument to the
Magistrate Judge in his motion to appoint pro bono counsel, and
the Magistrate Judge noted that he had not raised any issues
regarding his ability to present his case at any other point in
the proceeding.  Further, Plaintiff fails to provide any further
detail regarding his conditions or how they would prevent him
from presenting his own case.

Nor has Plaintiff provided any reason for the Court to find
that the May 27 Order was clearly erroneous in its
determinations regarding any of the other factors.  As to those
factors, the Magistrate Judge found that Plaintiff's claims were
"fairly straightforward," that the facts underlying his claims
were similarly straightforward and Plaintiff had provided no
argument that he needed specific documents that would be
difficult to obtain on his own, that Plaintiff had never
presented the Court any reason to believe this case would turn
mostly on any credibility determinations, and that Plaintiff had
paid the filing fee in this case and had never been found be *in
forma pauperis*.  Plaintiff has put forth no new arguments

regarding the first three of these findings, and the Court sees
no basis on which to find them clearly erroneous.

As to the final factor, whether Plaintiff can attain and
afford counsel on his own, Plaintiff does now assert that he has
$145,000 in debt; however, Plaintiff did not present this fact
or any argument regarding it to the Magistrate Judge at the time
of his motion.  See Harris v. Holmes, No. 1:14-cv-00460-NLH-JS,
2017 WL 477692, at *2 (D.N.J. Feb. 6, 2017) ("In his appeal,
Plaintiff provides several pages of argument as to why he should
be appointed counsel. Because none of this argument was
presented to the Magistrate Judge, however, this Court cannot
find that the Magistrate Judge's decision was clearly
erroneous.").  Even were the Court to find that this factor does
weigh in Plaintiff's favor, the appointment of pro bono counsel
is discretionary, and the Court finds that this one factor is
not sufficient to demonstrate that the May 27 Order was clearly
erroneous.  With no further argument from Plaintiff regarding
the specifics of why he believes the Order should be overruled,
and no additional facts before it, the Court finds that the
Order was not clearly erroneous or contrary to law.

## Conclusion

For the reasons expressed above, Plaintiff's Appeal (ECF No. 35) will be denied, and the Magistrate Judge's Order (ECF No. 32), dated May 27, 2020, will be affirmed in all respects.

An appropriate Order will be entered.


Date: <u>December 15, 2020</u>            <u>/s Noel L. Hillman</u>
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.