```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| THOMAS JAMES CLAUSO, | 1:18-cv-12217 (NLH) (LHG) |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| WARDEN WILLIE BONDS, et al., | |
| Defendants. | |

**APPEARANCES**:

Gurbir S. Grewal, Attorney General of New Jersey
Niccole L. Sandora, Deputy Attorney General
Office of the New Jersey Attorney General
R.J. Hughes Justice Complex
PO Box 116
Trenton, NJ 08625

    *Counsel for Defendants Willie Bonds, Guard Martinelli, and Guard Hansen*

Thomas James Clauso
59252
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    *Plaintiff pro se*

**HILLMAN**, **District Judge**

    WHEREAS, Defendants Willie Bonds, Guard Martinelli, and Guard Hansen have filed a motion for summary judgment asking the Court to dismiss Plaintiff Thomas Clauso's complaint, see ECF No. 47; and

WHEREAS, Defendants submitted portions of Plaintiff's medical records as Exhibit F to their motion, ECF No. 48; and

WHEREAS, Defendants move to seal Exhibit F, ECF No. 49; and

WHEREAS, "[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records.  The public's right of access extends beyond simply the ability to attend open court proceedings.  Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents."  In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotation marks omitted); and

WHEREAS, a party seeking to seal portions of the judicial record from public view bears party "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Millhouse v. Ebbert, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam) (internal quotation marks and citations omitted); and

WHEREAS, Defendants argue that "[t]he Exhibit contains confidential information such as confidential medical and mental health information of Plaintiff Thomas James Clauso."  ECF No. 49-2 at 2; and

WHEREAS, Defendants assert "Plaintiff's medical records

should be protected from public dissemination because of Plaintiff's right to privacy in his medical information." Id.; and

WHEREAS, Plaintiff has submitted copies of his medical records without asking them to be sealed. See, e.g., ECF Nos. 56, 59, and 58. Therefore, it does not appear Plaintiff is concerned about his medical information becoming public; and

WHEREAS, portions of the exhibits would become public in the event of a trial given that Plaintiff raises Eighth Amendment denial of medical care claims,

THEREFORE, IT IS on this __15th__ day of __March__, 2021

ORDERED that Defendants' motion to seal Exhibit F, ECF No. 49, be, and same hereby is, denied; and it is further

ORDERED that the Clerk shall unseal Docket Entry 48; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Plaintiff by regular mail.

At Camden, New Jersey
                                         s/ Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.