```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| THOMAS JAMES CLAUSO, | No. 1:18-cv-12217-NLH-LHG |
| Plaintiff, | |
| v. | OPINION |
| WARDEN WILLIE BONDS, et al., | |
| Defendants. | |

**APPEARANCES**:

THOMAS JAMES CLAUSO
59252
SOUTH WOODS STATE PRISON
215 SOUTH BURLINGTON ROAD
BRIDGETON, NJ 08302

*Plaintiff appearing pro se.*

NICCOLE L. SANDORA
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW, STATE POLICE, EMPLOYMENT & CORRECTIONS
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625

*Attorney for Defendants Warden Willie Bonds, Guard Martinelli, and Guard Hansen.*

**HILLMAN**, District Judge

   Currently before the Court is Plaintiff's Motion for Recusal.  For the reasons expressed herein, this Court will deny Plaintiff's Motion for Recusal.

                              **BACKGROUND**

   Having previously set forth the facts of this case and

Plaintiff's extensive, handwritten Complaint at length in its Opinion dated July 9, 2019, the Court shall recount only those facts that bear directly on the instant motion. Plaintiff, Thomas James Clauso, is a convicted state prisoner who is currently incarcerated at South Woods State Prison. On August 26, 2018, Plaintiff filed a Complaint, alleging a series of different claims against the warden of his prison, multiple guards, and a nurse who once treated him. (ECF No. 1).

On November 12, 2021, the Court docketed a letter from Plaintiff complaining about his counsel, Roberto A. Rivera-Soto and the undersigned. (ECF 85). In the letter, Plaintiff listed various grievances that he had with his representation by Mr. Rivera-Soto and with this Court presiding over the instant matter, in terms that at times veered into threatening language. (See generally id.) In his letter, he purported to fire Mr. Rivera-Soto who was appointed pro bono at Plaintiff's request to assist Plaintiff as his counsel in this matter and further asked that the undersigned be removed from this case. (Id. at 1). Though Plaintiff has not styled his request as a formal motion for recusal, because he is pro se and based on the relief he is seeking, the Court will construe it as such.

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court possesses subject matter jurisdiction over

2

Plaintiff's claims pursuant to 28 U.S.C. § 1331.

**B.  Motion for Recusal**

A determination regarding recusal is within the sound discretion of the trial court judge. United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir.1985). The two principal statutes which address judicial recusal are 28 U.S.C. §§ 144 and 455.

Under 28 U.S.C. § 144, recusal must occur "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. However, a "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." Frolow v. Wilson Sporting Goods Co., No. 05-04813, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011) (citation omitted); see also Kilkeary v. United States, No. 12-2781, 2015 WL 3798061, at *4 (D.N.J. June 18, 2015).

Alternatively, § 455(a) provides, in pertinent part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's

3

impartiality might reasonably be questioned." Allen v. Parkland Sch. Dist., 230 F. App'x 189, 193 (3d Cir.2007) (citing In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003)). The grounds for recusal must be extrajudicial and not based on any views the judge would have developed from considering the proceedings. In re Kayati, 2018 WL 722705, at *7 (Bankr. D.N.J. Feb. 5, 2018) ("As the Supreme Court described, just like § 144, § 455 requires that the basis for recusal for bias must be extrajudicial, and further that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'") (quoting Liteky v. United States, 510 U.S. 540, 555, (1994)).

Here, Petitioner has not filed an affidavit within the meaning of § 144. Rather, he has filed a rambling letter motion with an equally disjointed certification. (See ECF 85). Petitioner complains of his condition in prison and says, "I demand the removal of Judge Hillman from my matter[.]" (Id. at 1). He also states that "Judge Hillman was an ex federal prosecutor and a republican and did not care for prisoner litigation[.]" (Id. at 6). Finally, he states that he is firing his lawyer and that "Judge Hillman and [my lawyer] can conspire to do some foul crap[.]" (Id. at 7).

The Court construes Petitioner's motion to be based on §

455(a),[1] as he refers to the undersigned as an "ex federal prosecutor and a republican."  Effectively, Petitioner seems to be arguing that the undersigned's career history and alleged political views is evidence of impartiality.  Petitioner's bald statements on bias are not enough to prevail on his motion for recusal.  Jaye v. Oak Knoll Vill. Condo. Owners Ass'n, Inc., 2016 WL 6471027, at *4 (D.N.J. Oct. 31, 2016), aff'd, 751 F. App'x 293 (3d Cir. 2018) ("Plaintiff's allegations amount to conclusory and tenuous allegations that do not meet the substantive standards set forth in Section 455."); In re Kayati, 2018 WL 722705 at *7 (noting that §§ 144 and 455 use the same standard to evaluate bias and conclusory statements need not be credited).  Because Petitioner has not made a showing of extrajudicial bias, his motion for recusal must be denied.

## CONCLUSION

For the reasons stated herein, this Court will deny Plaintiff's Motion for Recusal.  (ECF 85).

An appropriate Order will be entered.

Date: January 10, 2022          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[1] Petitioner does not appear to be making a claim of bias under § 455(b), and the Court's independent review of that provision, along with a liberal reading of Petitioner's motion, makes clear that section is not at issue here.

5