UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS JAMES CLAUSO III,

    Plaintiff,

    v.

RICHARD MARTINELLI and
JACK HANSEN,

    Defendants.

Case No. 18–cv–12217–ESK–EAP

OPINION AND ORDER

    **THIS MATTER** having come before the Court *sua sponte* following plaintiff Thomas James Clauso III's refusal to attend the first day of trial scheduled for December 11, 2024 (ECF No. 203 (Dec. 6, 2024 Order), ECF No. 205 (Pl.'s Dec. 11, 2024 Refusal); and the Court finding:

    1.  On July 26, 2018, plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983, challenging the conditions of his confinement at South Woods State Prison. (ECF No. 1 (Pl.'s Compl.).) Judge Noel L. Hillman (Ret.) granted defendants summary judgment on the majority of plaintiff's claims, but denied summary judgment as to plaintiff's excessive force claim against defendant Jack Hansen and claim that defendant Richard Martinelli deprived him shower access. (ECF No. 62, ECF No. 68 (Mar. 24, 2021 Am. Op.) pp.24–30.)

    2.  On June 1, 2021, Judge Hillman appointed Ballard Spahr to represent plaintiff. (ECF No. 73.) Magistrate Judge Lois H. Goodman (Ret.) entered a scheduling order on August 5, 2021 for written discovery to be obtained on plaintiff's two remaining claims. (ECF No. 78.) Plaintiff wrote a letter on November 5, 2021 "fir[ing]" *pro bono* counsel after which Judge Hillman excused counsel and permitted plaintiff to proceed *pro se*. (ECF Nos. 85, 86.) Judge Hillman further interpreted plaintiff's letter as a motion for recusal, which he denied. (ECF Nos. 93, 94.) Plaintiff also attempted to transfer this case to the Newark Vicinage, which then-Chief Judge Freda L. Wolfson (Ret.) denied. (ECF Nos. 90, 91.)

    3.  On December 7, 2021, Judge Goodman entered an order requiring that plaintiff submit his pretrial memorandum no later than May 24, 2022 and warning that "[a]ny failure to comply with the deadlines set forth herein or with

the rules of the court may result in the imposition of sanctions, including dismissal of the complaint." (ECF No. 89 (Dec. 7, 2021 Order).) Judge Goodman further scheduled a telephone conference for May 10, 2022. (ECF No. 96.) That conference was adjourned upon defendants' representation that plaintiff could not be produced for the conference and would be unavailable for at least an additional four months. (ECF No. 98 (Defs.' May 23, 2022 Letter).)[1]

4. After the case was reassigned to her, Magistrate Judge Elizabeth A. Pascal scheduled a final pretrial conference for October 19, 2022. (ECF No. 101.) Judge Hillman scheduled trial for November 14, 2022 (Entry following ECF No. 107 (Trial Notice).) A joint pretrial order was entered by Judge Pascal on November 2, 2022. (ECF No. 116.) Judge Hillman postponed trial to a date to be determined following pretrial conferences on November 14, 2022 and December 5, 2022. (ECF No. 117 (Nov. 14, 2022 Mins.), ECF No. 120.) On November 14, 2022, Judge Hillman also directed plaintiff to provide a list of expected witnesses and their testimony and to identify exhibits within one week. (Nov. 14, 2022 Mins.) Plaintiff provided a witness list on January 31, 2023. (ECF No. 129.)

5. Judge Hillman held additional pretrial conferences through May 2023. (ECF Nos. 123, 130, 137, 140, 145.) In response to plaintiff's allegations that his litigation materials were destroyed, Judge Hillman provided plaintiff with an opportunity to keep and review materials in the courthouse. (ECF No. 142 pp. 69:9 to 71:4.) Plaintiff was transported to the courthouse to review materials on approximately six occasions. (ECF No. 154 p. 10:11–14.) Plaintiff continued to participate in status conferences during the spring and summer of 2023. (ECF Nos. 148, 151, 155.) During a hearing on August 14, 2023, Judge Hillman reviewed with plaintiff and defense counsel potential witnesses, trial subpoenas, plaintiff's access to the prison law library, and the need to organize exhibits. (ECF No. 156.) Plaintiff was to return to court to number his proposed exhibits. (*Id.* pp. 35:22 to 36:1.)

6. Writs of habeas corpus were entered and cancelled for September 12, 2023 and then October 10, 2023 (ECF Nos. 157, 158) for reasons that are unclear on review of the docket. Plaintiff wrote to the Court on September 18, 2023 requesting a hearing. (ECF No. 159.) Judge Hillman entered writs of habeas corpus for plaintiff to appear for status conferences on November 13,

---

[1] The docket does not provide a specific reason for plaintiff's unavailability. Defendants' letter references a separate explanatory email sent to Judge Goodman directly. (Defs.' May 23, 2022 Letter p. 1.) A subsequent letter mailed by plaintiff on June 2, 2022 provides little clarity beyond his representation that he did not agree to any adjournment of the May 10, 2022 conference. (ECF No. 99.)

2023 and December 14, 2023. (ECF Nos. 160, 161.) Plaintiff refused to appear for both conferences (ECF No. 163 (Pl.'s Nov. 13, 2023 Refusal), ECF No. 164 (Pl.'s Dec. 14, 2023 Refusal)) and later attributed his absence to injuries he suffered in November 2023 (ECF No. 165).

7. In response to an order by Judge Hillman (ECF No. 166), plaintiff wrote to the Court on December 23, 2023 that he was scheduled to recover from his injuries by the first week of April 2024 and that he was interested in speaking with an appointed attorney (ECF No. 167). *Pro bono* counsel entered appearance on behalf of plaintiff for the exclusive purpose of settlement on March 4, 2024. (ECF No. 168.) This case was reassigned to me on March 25, 2024 following Judge Hillman's retirement. (ECF No. 172.)

8. Judge Pascal scheduled a settlement conference for April 9, 2024 and later rescheduled it for May 14, 2024. (ECF Nos. 170, 175.) *Pro bono* counsel wrote to Judge Pascal on the eve of the settlement conference to seek adjournment due to plaintiff falling ill. (ECF No. 180 (May 13, 2023 Letter).) Counsel further advised that plaintiff declined to participate in a counseling session scheduled for May 13, 2024. (*Id.*) Judge Pascal adjourned the settlement conference to a to-be-determined date. (ECF No. 181.)

9. Upon plaintiff's representation that he wanted to proceed to trial (ECF No. 182 p. 3), I relieved settlement counsel of his service and scheduled a pretrial conference for July 23, 2024 (ECF No. 183). Plaintiff refused to attend the July 23, 2024 conference. (ECF No. 185 (Pl.'s July 23, 2024 Refusal).) In response, I entered an order dismissing plaintiff's claims without prejudice. (ECF No. 186 (Aug. 12, 2024 Order).) In that order, I concluded that plaintiff had "'willfully abandon[ed]' and 'ma[d]e[] adjudication of [this] matter impossible'" through his lack of cooperation and that dismissal for lack of prosecution was appropriate pursuant to Federal Rule of Civil Procedure (Rule) 41(b). (*Id.* p. 6 (alterations in original) (quoting *Ricks v. Udijohn*, Case No. 14–04079, 2017 WL 53706, at *3 (D.N.J. Jan. 4, 2017))). I further warned that I would "consider the *Poulis*[2] factors to determine if this case should be dismissed with prejudice if plaintiff is able to reinstate this matter and, thereafter, continues to refuse to appear for conferences." (*Id.* p. 7.)

10. Plaintiff wrote to the Court on August 25, 2024, explaining that he was dealing with serious health issues, alleging that was not being provided transportation to hearings, denying that he would refuse to attend a court appearance, and asking—again—for a trial date. (ECF No. 187 (Pl.'s Aug. 25, 2024 Letter).) I held a video conference with plaintiff on September 12, 2024,

---

[2] *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

during which plaintiff reiterated his desire that I set a trial date. (ECF No. 190 (Sept. 12, 2024 Mins.).) I reopened the case, set a trial date of December 9, 2024, and directed the Clerk to select an attorney to serve as stand-by counsel for plaintiff. (ECF No. 191.)

11. In the leadup to trial, plaintiff was mailed defendants' extension request to file motions *in limine* and the Court's order appointing standby counsel. (ECF No. 201 (Nov. 12, 2024 Return Notice), ECF No. 202 (Nov. 20, 2024 Return Notice).) Both were refused by plaintiff. (*Id.*)[3]

12. Due to logistical issues unattributable to any party, plaintiff did not attend a scheduled pretrial opportunity to review his exhibits and trial was adjourned to December 11, 2024. (Dec. 6, 2024 Order.) On the morning of December 11, 2024, the Court received a notice of refusal from plaintiff. (Pl.'s Dec. 11, 2024 Refusal.) I held a brief hearing with counsel following receipt of the notice. (ECF No. 206 (Dec. 11, 2024 Mins.).) During that hearing, counsel for the New Jersey Department of Corrections represented to the Court that plaintiff refused to leave his cell, did not provide a reason why, and similarly refused to attend a medical appointment on December 10, 2024. Counsel for defendants asked that I dismiss plaintiff's claims with prejudice, while standby counsel requested that any dismissal be without prejudice.

13. I conclude that dismissal with prejudice is warranted due to this case's protracted history and plaintiff's repeated failures to cooperate with the Court in prosecuting his case. In so doing, I acknowledge that dismissal with prejudice is a "drastic sanction[]." *Fields v. Fed. Bureau of Prisons*, 787 F. App'x 115, 118 (3d Cir. 2019). It is within my discretion to *sua sponte* dismiss a case with prejudice for failure to prosecute pursuant to Rule 41(b). *See id.* at 117–18 (applying the abuse-of-discretion standard). In exercising that discretion, I must consider the *Poulis* factors. *See id.* at 118. Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis

---

[3] The return message for the Court's order appointing stand-by counsel indicates that the mail was refused because plaintiff no longer resided at South Woods State Prison. (Nov. 20, 2024 Return Notice p.1.) The Court presumes that this was an error in marking.

>     of alternative sanctions; and (6) the meritoriousness of the
>     claim or defense.
*Id.* (quoting *Poulis*, 747 F.2d at 868).

14. With respect to the first factor, plaintiff is proceeding *pro se* and is thus responsible for compliance with the Court's orders and requirement to appear for court proceedings. *See Riley v. Sec'y Pa. Dep't of Corrs.*, 536 F. App'x 222, 226 (3d Cir. 2013). Though plaintiff is dependent on the United States Marshals and South Woods State Prison for transportation, plaintiff's repeated refusals to attend proceedings have become a disturbing trend over the past year. (Pl.'s Nov. 13, 2023 Refusal, Pl.'s Dec. 14, 2023 Refusal, Pl.'s July 23, 2024 Refusal, Pl.'s Dec. 11, 2024 Refusal.) Plaintiff offered no explanation to prison officials on December 11, 2024 for his refusal to attend trial and has offered the Court no such explanation since. This despite plaintiff's repeated requests to proceed to trial and awareness of his trial date for several months. "Plaintiff's inaction … has caused this matter to be brought to a standstill." *See Snipes v. Passaic Cnty.*, Case No. 21–14149, 2022 WL 17490586, at *3–4 (D.N.J. Sept. 28, 2022), *report and recommendation adopted*, 2022 WL 17490539 (D.N.J. Dec. 7, 2022) (finding the first *Poulis* factor met upon the plaintiff's failure to submit a discovery plan, file an amended complaint, attend telephone conferences, or respond to the court's order to show cause or seek more time to do so). Dismissal is thus appropriate under the first *Poulis* factor.

15. I next find that defendants have been prejudiced by plaintiff's actions. This case has been pending for more than six years and the two discrete issues to be decided at trial were identified by Judge Hillman more than three years ago. (Pl.'s Compl., Mar. 24, 2021 Am. Op. pp. 24–30.) Trial was initially scheduled to take place more than two years ago. (Trial Notice.) Defendants provided proposed jury instructions, case-specific *voir dire* questions, and witness and exhibit lists on October 31, 2022. (ECF No. 115.) Defendants participated in pretrial hearings for nearly a year thereafter as plaintiff was provided adequate opportunities to prepare his case. Defendants were present and prepared to participate in jury selection on December 11, 2024 when plaintiff refused to attend. (Dec. 11, 2024 Mins.) "Defendant[s] ha[ve] … been deprived of anything resembling a speedy resolution of this matter" due to plaintiff's drawn-out preparation efforts and refusal to attend hearings and trial. *See Meleika v. Hudson Cnty. Corr. Ctr.*, Case No. 17–01960, 2022 WL 18776096, at *3 (D.N.J. Mar. 31, 2022), *report and recommendation adopted*, 2022 WL 18776080 (D.N.J. Apr. 29, 2022) (finding the second *Poulis* factor met after five years of litigation due to the plaintiff's ongoing violation of discovery orders and failure to attend conferences); *see also Snipes*, 2022 WL 17490586, at *4 (noting that prejudice may include deprivation of the ability to prepare for trial such as the fading of witnesses' memories or accumulating costs).

5

16. Plaintiff's history of dilatoriness has been detailed throughout this order. During the past 14 months alone, plaintiff has refused to attend two hearings before Judge Hillman, declined to meet with *pro bono* counsel, refused to appear for a pretrial conference before me, refused mail, and refused to appear for trial. (Pl.'s Nov. 13, 2023 Refusal, Pl.'s Dec. 14, 2023 Refusal, May 13, 2023 Letter, Pl.'s July 23, 2024 Refusal, Nov. 12, 2024 Return Notice, Nov. 20, 2024 Return Notice, Pl.'s Dec. 11, 2024 Refusal.) I have and continue to appreciate challenges plaintiff has faced in proceeding through litigation while incarcerated and the leeway *pro se* litigants are provided. However, plaintiff's actions have thwarted my efforts "designed to … move the proceedings toward conclusion." *See Meleika*, 2022 WL 18776096, at *4 (referring to the plaintiff's failure to attend status conferences, respond to an order to show cause, and comply with discovery orders); *see also Ezeani v. Anderson*, Case No. 21–06759, 2023 WL 128811, at *3 (D.N.J. Jan. 9, 2023) (noting the plaintiff's history of failing to comply with discovery obligations and court orders).

17. Fourth, I am satisfied that plaintiff's actions have been willful, if not in bad faith. I previously dismissed plaintiff's complaint without prejudice following his failure to attend the July 23, 2024 conference and warned that I would dismiss the case with prejudice upon continued failure to appear. (Aug. 12, 2024 Order p. 7.) I reopened the case upon plaintiff's seemingly genuine requests to proceed. (Pl.'s Aug. 25, 2024 Letter, Sept. 12, 2024 Mins.) Plaintiff has since refused to accept mail related to this case and failed to attend trial. (Nov. 12, 2024 Return Notice, Nov. 20, 2024 Return Notice, Pl.'s Dec. 11, 2024 Refusal.) Plaintiff has been provided more than adequate opportunities to prosecute his case. *See Spurgeon v. NJ State Police*, Case No. 12–03352, 2014 WL 7177381, at *5 (D.N.J. Dec. 16, 2014) (finding that the plaintiff was willful in refusing to be deposed and failing to comply with court orders despite opportunity to do so). I interpret plaintiff's continued failure to participate in his case as a disregard for the Court's time and authority. *See Stokes v. Denson*, Case No. 19–20663, 2022 WL 2019162, at *3 (D.N.J. May 18, 2022), *report and recommendation adopted*, 2022 WL 2000108 (D.N.J. June 2, 2022) (finding that the plaintiff's failure to comply with orders and repeated unexcused absences represented a disregard for the court's authority); *see also Shaw v. Obermier*, Case No. 11–00276, 2014 WL 3853862, at *4 (D.N.J. Aug. 6, 2014) (concluding that the *pro se* plaintiff's history of noncompliance with court orders, coupled with warnings that continued noncompliance could result in dismissal, evidenced both willfulness and bad faith).

18. I am further convinced that alternative sanctions to dismissal with prejudice would be ineffective. Sanctions other than dismissal may include a warning, formal reprimand, fine, imposition of costs, or preclusion of claims. *See Ezeani v. Anderson*, Case No. 21–06759, 2022 WL 18158543, at *7 (D.N.J.

Dec. 8, 2022), *report and recommendation adopted*, 2023 WL 128811 (D.N.J. Jan. 9, 2023). Monetary sanctions are typically inappropriate for *pro se* litigants such as plaintiff. *Id.* Plaintiff has been aware at least as early as December 7, 2021 that failure to meet deadlines or comply with rules may result in dismissal. (Dec. 7, 2021 Order.) Plaintiff was advised by Judge Hillman during the March 20, 2023 pretrial conference that a failure to prepare for trial or cooperate with the Court would lead to sanctions. (ECF No. 138 p. 36:5–8.) My dismissal order without prejudice was itself an alternative sanction in which I advised that further failures to appear would result in dismissal with prejudice. (Aug. 12, 2024 Order p. 7.) Plaintiff's continued failure to heed these warnings render any alternative sanction ineffective. *See Smith v. Shady*, 267 F. App'x 181, 182–83 (3d Cir. 2008) (agreeing with the district court's analysis that prior warnings were ineffective); *Shaw*, 2014 WL 3853862, at *4 (noting that the case had previously been administratively terminated twice and finding that any further opportunities provided to the plaintiff would have resulted in a waste of time and resources).

19. Finally, I recognize that plaintiff's remaining claims both survived summary judgment. (Mar. 24, 2021 Am. Op. pp. 24–30.) This indicates that plaintiff's claims have merit. *See Wilkerson v. Brown*, Case No. 96–04920, 2009 WL 2049162, at *5 (D.N.J. July 8, 2009). Though this factor weighs against dismissal with prejudice, I note that there is no requirement that every *Poulis* factor be met and find that the remaining five factors each balance decidedly in favor of dismissal with prejudice. *See Collura v. City of Phila.*, 590 F. App'x 180, 188–89 (3d Cir. 2014) (affirming dismissal despite the district court's finding that the merits of the case weighed in the plaintiff's favor).

Accordingly,

**IT IS** on this **23rd** day of **December 2024 ORDERED** that:

1. Plaintiff's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

2. Defendants' motion *in limine* (ECF No. 198) is **DENIED AS MOOT**.

3. The Clerk is directed to mark this matter **CLOSED**.

                                                  */s/ Edward S. Kiel*
                                                  **EDWARD S. KIEL**
                                                  **UNITED STATES DISTRICT JUDGE**